IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2015

## STATE OF TENNESSEE v. MAURICE MONTONIO DOTSON, JR.

**Direct Appeal from the Circuit Court for Madison County**
**No. 14-6     Roy B. Morgan, Jr., Judge**

_____

**No. W2014-01461-CCA-R3-CD  -  Filed September 25, 2015**

_____

The Appellant, Maurice Montonio Dotson, Jr., pled guilty in the Madison County Circuit Court to possession of marijuana with the intent to sell or deliver, possession of a firearm during a dangerous felony, possession of drug paraphernalia, and theft of property valued under five hundred dollars. The trial court imposed a total effective sentence of eleven years. On appeal, the Appellant challenges the sentence imposed for possession of a firearm during a dangerous felony conviction. Upon review, we affirm the judgments of the trial court.

 **Tenn. R. App. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Maurice Montonio Dotson, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; James G. Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On December 30, 2013, a Madison County Grand Jury returned a multi-count indictment against the Appellant, charging him with possessing more than one-half ounce of marijuana with the intent to sell, a Class E felony; possessing more than one-half ounce of marijuana with the intent to deliver, a Class E felony; possessing a firearm with

the intent to go armed during the commission of or attempt to commit a dangerous felony, namely possessing marijuana with the intent to sell, a Class D felony; possessing a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony, namely possessing marijuana with the intent to deliver, a Class D felony; being a convicted felon in possession of a firearm during the commission of or attempt to commit a dangerous felony, namely possessing marijuana with the intent to sell, a Class D felony; being a convicted felon in possession of a firearm during the commission of or attempt to commit a dangerous felony, namely possessing marijuana with the intent to deliver, a Class D felony; possessing drug paraphernalia, a Class E felony; and theft of property valued under $500, a Class A misdemeanor.

On May 19, 2014, the Appellant pled guilty to all charged offenses. The State recited the following factual basis for the pleas:

> [T]he proof would show that on or about August the 8th, 2013, investigators with Metro Narcotics and also the county TACT unit executed a search warrant at Magnolia Landing Courts. It's an apartment belonging to Nakia Randle who is an associate of the [Appellant]. The officers had been having [the Appellant] under surveillance prior to the execution of the search warrant and actually observed him conduct what they believed to be a sale of narcotics just immediately prior to the execution of the warrant. When he returned to the residence, the officers made entry into the apartment.
>
> Found inside the apartment was approximately – this is a preliminary weight – about 642 grams of marijuana, high grade marijuana actually, and a digital scale. Some of the marijuana was being weighed at the time that they made entry. It was near a digital scale on a counter.
>
> Also found in the home was a stolen black Glock Model 19 9-millimeter that was found belonging to Joshua Skinner. It was taken from him in a burglary in 2008.
>
> The investigation revealed that [the Appellant] is a convicted felon having a prior felony in Cook County, Illinois, that being aggravated battery of a child. . . .

The plea agreement provided that the trial court would determine the length and manner of service of the sentences.

At the sentencing hearing, Susan Haney-Reagan testified that she prepared the Appellant's presentence report. She said that during the Appellant's May 20, 2014 drug screen, he tested positive for Lortab and marijuana. She stated that the Appellant was convicted in Illinois of aggravated battery of a child and that his Illinois prison records indicated that he admitted his affiliation with the Gangster Disciples.

On cross-examination, Haney-Reagan acknowledged that the records did not reflect when the Appellant was affiliated with the gang and that she was unable to verify the Appellant's involvement, if any, with a gang. She stated that the Appellant had "several health problems" and that he had been prescribed pain medication.

Investigator Tikal Greer testified that he worked in the Metro Narcotics Unit of the Jackson City Police Department. Immediately before executing a search warrant on the Appellant's residence, Investigator Greer followed the Appellant to a Pilot gasoline station and witnessed the Appellant conduct a drug transaction. During the search, Investigator Greer seized the Appellant's cellular telephone. The telephone contained text messages to and from the Appellant arranging a sale of $140 dollars' worth of marijuana at the Pilot station.

The parties agreed and the trial court found that the Appellant was a multiple, Range II offender. The trial court merged the possession of marijuana convictions into a single conviction and the possession of a firearm convictions into a single conviction, resulting in a total of four convictions. The court found that pursuant to Tennessee Code Annotated section 39-17-1324(j), one hundred percent of the sentence for the possession of a firearm conviction must be served in confinement.

The State advised the court that the Appellant had prior convictions of possession of Ecstasy and possession of drug paraphernalia. The Appellant was granted probation for the offenses, but his probation was revoked. The Appellant also had a conviction of domestic assault, for which he was on probation at the time he committed the possession of Ecstasy and possession of drug paraphernalia offenses. Additionally, the Appellant was convicted of aggravated battery of a child, manufacture/delivery of cannabis, and delivery of a Schedule II controlled substance in Cook County, Illinois.

In determining the Appellant's sentences, the trial court found that no mitigating factors were applicable. The court applied enhancement factor (1), that the Appellant had a previous history of criminal behavior and criminal convictions in addition to those necessary to establish his sentencing range. See Tenn. Code Ann. § 40-35-114(1). The court also applied enhancement factor (8), that before trial or sentencing, the Appellant failed to comply with a sentence involving release into the community. Id. at (8).

For the possession of marijuana with the intent to sell or deliver conviction and the possession of drug paraphernalia conviction, the trial court imposed concurrent, four-year sentences. For the misdemeanor theft conviction, the trial court imposed a sentence of eleven months and twenty-nine days, which was to be served concurrently with the four-year sentence. For the possession of a firearm during a dangerous felony conviction, the court imposed a seven-year sentence, which was to be served consecutively to the four-year sentence for a total effective sentence of eleven years.

On appeal, the Appellant challenges the seven-year sentence imposed by the trial court on his possession of a firearm during a dangerous felony conviction.

## II. Analysis

Appellate review of the length, range, or manner of service of a sentence imposed by the trial court are to be reviewed under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012); see also State v. Pollard, 432 S.W.3d 851, 859 (Tenn. 2013) (applying the standard to consecutive sentencing); State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying the standard to alternative sentencing). In conducting its review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Bise, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. Appellate courts are "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

The State contends the Appellant has waived any sentencing issues by failing to support "his conclusory assertion" with any case law or legal argument. The following is the argument section of the Appellant's brief in its entirety:

Appellant argues that his Sentence was in violation of T.C.A. § 40-35-102. Every Defendant shall be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense. This chapter is to assure fair and consistent treatment of all defendants by eliminating unjustified disparity in sentencing and providing a fair sense of predictability of the criminal law and its sanctions.

Defendant avers that his seven (7) year sentence at (one-hundred) 100% is excessive. Defendant asserts that six (6) years on this sentence would have been compliant with the purposes of T.C.A. § 40-35-102.

Tennessee Rule of Appellate Procedure 27(a)(7) mandates that every appellant's brief contain

[a]n argument, which may be preceded by a summary of argument, setting forth:

- 5 -

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Rule 10(b) of the Tennessee Rules of Criminal Appeals provides that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."

We agree with the State that the Appellant's "argument" is conclusory. The Appellant challenges only the seven-year sentence imposed by the trial court for his possession of a firearm during a dangerous felony conviction; the Appellant raises no issues concerning his remaining sentences or the imposition of consecutive sentencing. Moreover, he cites to no specific error by the trial court and merely alludes to the trial court's failure to comply with the purposes and principles of sentencing. Regardless, the proof adduced at the sentencing hearing supports the application of the enhancement factors. Moreover, the sentence imposed by the court was within the range for that offense. See Tenn. Code Ann. §§ 37-17-1324(g)(2); 40-35-112(b)(4). We can discern no error by the trial court in sentencing the Appellant.

### III.  Conclusion

Finding no error, we affirm the judgments of the trial court.

_____
NORMA MCGEE OGLE, JUDGE